LYNCH v. GERMANIA LIFE INS. CO.

(Supreme Court, Appellate Division, Third Department.   May 5, 1909.)

1. INSURANCE (§ 377*)—LIFE POLICY—WARRANTY—WAIVER.
    A life insurance company, having knowledge that applicant had been previously rejected by another company, cannot rely upon a breach of the warranty that applicant had not been so rejected.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 996; Dec. Dig. § 377.*]

2. INSURANCE (§ 668*)—LIFE POLICY—ACTIONS—QUESTIONS FOR JURY.
    Whether the examining physician correctly wrote applicant's answer to the question whether she had consulted a physician or had had any disease *held*, in an action on the policy issued, for the jury.
    [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 668.*]

3. INSURANCE (§ 648*)—LIFE POLICY—ACTIONS—EVIDENCE—ADMISSIBILITY.
    In an action on a life policy, an application by insured to another company, tending to contradict her statement as to not having consulted a physician, should have been received in evidence.
    [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 648.*]

4. WITNESSES (§ 209*)—"PRIVILEGED COMMUNICATIONS"—PHYSICIAN AND PATIENT.
    Information obtained by an examining physician to enable a life insurance company to determine whether the person examined is a proper risk is not "privileged" by Code Civ. Proc. § 834.
    [Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 209.*
    For other definitions, see Words and Phrases, vol. 6, p. 5592; vol. 8, p. 7764.]

Appeal from Rensselaer County Court.

Action by Michael Lynch against the Germania Life Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Shaw, Bailey & Murphy, for appellant.
Lewis E. Griffith, for respondent.

JOHN M. KELLOGG, J.   The defendant resists the claim of the plaintiff, the beneficiary in the policy issued upon the life of Mary E. Lamere, upon the ground of misstatement of facts in the application, which statements were agreed to be warranties upon the faith of which the policy issued. The applicant stated as such warranties: (1) That no application for insurance upon her life had ever been rejected or modified. (2) That she never had been examined for insurance without getting a policy. (3) That she never had had any disease of the heart. (4) That she had not consulted a physician for 16 years, except Dr. McGee, in confinement. (5) That no physician had ever given an opinion that she was not safely insurable.

The applicant had made a previous application to the Prudential Life Insurance Company, which had been rejected; but the evidence tends to show that the defendant had some knowledge that she had

been previously rejected by some company. If the defendant had knowledge of the facts, it cannot rely upon the breach of warranty in that respect. Upon the evidence it is a fair question of fact whether the company relied and acted upon this warranty, or whether it was immaterial in view of the knowledge which it had otherwise gained.

January 5, 1906, the application for this policy was made. It appeared that the applicant, in December, 1905, had consulted Dr. Irish, and he had been to her house for the purpose of examining her and did treat her as his patient. The plaintiff meets this situation by the testimony of his brother, who swears that he happened to go into the room when the sister, the applicant, was being examined for this policy, and that she stated to the examining physician, in answer to the question whether she had consulted a physician or had had any diseases, in substance, that she had consulted several physicians for various matters which a woman might be subject to, seeking to raise the inference that the physician did not correctly write her answer. Without considering the admissibility of this testimony, it is sufficient to say that it was contradicted by the application itself, and that this evidence and the application raised a question for the jury as to whether the application signed by her gives the correct answer, or whether the oral testimony of the brother contains the answer she gave. The evidence tended to show that the witness was interested.

Exhibit No. 4, the application to the Prudential Company upon which it declined the risk, tended to contradict the statement of the applicant as to her consulting a physician, and should have been received in evidence. Dr. Zeh, the physician who examined her in the interest of the Prudential, and upon whose recommendation the risk was declined, was a competent witness to show the state of health of the applicant, and his statements to her would tend to show her knowledge of the condition of her health, and that she was not insurable. His testimony was not privileged under section 834, of the Code of Civil Procedure. The information he was asked to give was not acquired by him while attending a patient (Meyer v. Knights of Pythias, 178 N. Y. 63, 70 N. E. 111, 64 L. R. A. 839), but was obtained for the benefit of the company for which he was acting as agent (Sternaman v. Metropolitan Life Ins. Co., 170 N. Y. 13, 62 N. E. 763, 57 L. R. A. 318, 88 Am. St. Rep. 625). It was intended that the information received by him should be communicated to his company to enable it to determine whether the person examined was a proper risk for insurance. The object of the examination was not treatment, but to acquire information for the benefit of the company.

The judgment and order should therefore be reversed, and a new trial granted, with costs to the applicant to abide the event. All concur.